UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH MOON, CDCR #B-81661, <br><br> Plaintiff, <br><br> vs. <br><br> W.L. MONTGOMERY, et al., <br><br> Defendants. | Case No. 3:18-cv-01147-AJB-RBM <br><br> **ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Rudolph Moon ("Plaintiff"), currently incarcerated at Calipatria State Prison ("CAL") in Imperial, Diego, California, and proceeding pro se, first filed this civil rights action pursuant to 42 U.S.C. § 1983, on June 1, 2018. (*See* Compl., ECF No. 1.) Plaintiff claimed CAL's Warden, W.L. Montgomery, and T. Bloom, a CAL Law Librarian, violated his First and Eighth Amendment rights in July 2017. (*Id.* at 1-4.)

**I. Procedural History**

On July 25, 2018, the Court granted Plaintiff leave to proceed in forma pauperis, but denied his motion to appoint counsel and dismissed his Complaint for failing to state any claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 4.) Plaintiff was informed of his pleading deficiencies, and

granted 45 days leave in which to file an Amended Complaint that fixed them. (*Id.* at 6-12.) On September 11, 2018, Plaintiff filed an Amended Complaint (ECF No. 6), but it too failed to state a claim upon which § 1983 relief could be granted, and was dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) on January 4, 2019. (*See* ECF No. 7). While the Court found further leave to amend as to Warden Montgomery would be futile, it granted Plaintiff one final opportunity to amend his claims against Law Librarian Bloom in a Second Amended Complaint. (*Id.* at 9-10.) Plaintiff was cautioned, however, that if he failed to adequately amend his claims against Defendant Bloom, the Court would dismiss his case. (*Id.* at 10, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff's Second Amended Complaint was due on or before February 19, 2019,[1] and more than two months have passed since the Court issued its January 4, 2019 Order. But to date, Plaintiff has not filed a Second Amended Complaint, nor has he requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's January 4, 2019 Order.

---

[1] Because the 45 day period for amendment elapsed on February 18, 2019, which fell on President's Day, Plaintiff had until Tuesday, February 19, 2019, to comply with the Court's January 4, 2019 Order. *See* Fed. R. Civ. P. 6(a)(1)(C).

1 | The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith
2 | pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of
3 | dismissal and close the file.

**IT IS SO ORDERED**.

Dated: April 2, 2019

Hon. Anthony J. Battaglia
United States District Judge